Filed 10/16/14  P. v. Ford CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B252825 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA407165) |
| v. | |
| ROBERT L. FORD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Drew E. Edwards, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for defendant and appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Robert Ford (defendant) pleaded no contest to all of the counts charged in two criminal cases against him, one involving his failure to register as a sex offender and the other involving the theft of checks from the mailroom in which he worked. On appeal, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court independently review the entire record to determine if there are any issues, which if resolved in defendant's favor, would require reversal or modification of the judgment. Accordingly, we notified defendant that he could brief any grounds of appeal, contentions, or arguments he wanted us to consider. Although defendant requested and we granted an extension to file a supplemental brief, he did not file one.

Based on our independent review of the entire file, we conclude that there are no arguable issues on appeal. We therefore affirm the judgments of conviction.

## FACTUAL BACKGROUND[1]

### A.     Case No. BA408099

On January 31, 2013, City of Los Angeles Police Officer Ramon Zepeda was assigned to the sex offender registration, enforcement, and compliance team. On that date, he conducted a sex offender compliance check related to defendant after he received information from a detective who was looking for defendant in connection with an unrelated warrant.

Prior to conducting the compliance check, Officer Zepeda reviewed a sex offender registration form with defendant on October 26, 2011. During the review, the officer discussed with defendant the requirements for an address change by a convicted sex offender, including the requirement that defendant must re-register as a sex offender in

---

[1]     Because defendant pleaded no contest to all the counts charged in both cases, the facts are taken from the preliminary hearing transcripts for each case.

person within five working days whenever he changed residences. Defendant indicated that he understood the requirement and he initialed the form confirming that understanding. On the sex registration form that he signed, defendant listed his residence address as 5325 2nd Avenue, Los Angeles.

When Officer Zepeda conducted the compliance check at defendant's address of record—5325 2nd Avenue—he spoke with a neighbor who informed him that the residence at that address had been vacant for three months. Thereafter, the officer spoke with the landlord of the residence who confirmed that the residence had been vacant for three months. Moreover, the landlord did not know defendant and had not rented that residence to him.

### B. Case No. BA407165

On August 17, 2012, City of Los Angeles Detective Philip Cortes was working as an investigator for the commercial crimes unit. On that date, he was assigned to follow up on an investigative report from the safety police at the University of Southern California (USC) campus concerning a theft. The report identified the theft victim as Kevin O'Neill. The suspect was identified as defendant.

On October 3, 2012, as part of his investigation into the theft of check books from the USC mailroom, Detective Cortes contacted O'Neill who had reported that his checks had been stolen. O'Neill informed Detective Cortes that his bank, Key Bank, had mailed his personal checks to the mailroom at USC. The detective asked O'Neill if he knew defendant, if he had given defendant permission to forge his name, or if he had given defendant any of his Key Bank checks. O'Neill responded by telling the detective that his Key Bank checks had been stolen, he did not know defendant, and he did not give defendant permission to write or deposit his checks.

Detective Cortes next contacted the fraud investigator for Key Bank, Ms. Johnson. She informed him that 45 checks had been stolen from O'Neill and negotiated, totaling $22,000 in unauthorized withdrawals from O'Neill's checking account. Of the 45 stolen checks, 39 were deposited into defendant's USC credit union account for a total deposit

of $19,000. The detective concluded that the checks had been forged after O'Neill confirmed that he had not signed any of them.

Mike Mayer was the manager of the USC credit union. In response to a search warrant, he provided Detective Cortes 39 checks that were deposited at the credit union. Each of the checks had been deposited into defendant's account at the credit union. All of the checks had been personally deposited inside the credit union branch. The checks were purportedly signed by a Kevin O'Neill and drawn on an account owned by O'Neill.

Detective Cortes also interviewed two of the credit union's tellers who stated that they recalled defendant personally depositing some of the checks into his own account. The tellers explained that defendant had presented his driver's license and his USC employee identification.

The first of the 39 checks was written on June 19, 2012, and the last was written on August 5, 2012. A USC human resources manager informed Detective Cortes that during that time, defendant was the USC mailroom manager and had worked at USC for nine years. At the time the checks were written, defendant was the only employee in the mailroom.

## PROCEDURAL BACKGROUND

Following a mistrial due to a hung jury in case number BA408099, defendant pleaded no contest to the count charged in the amended information in that case—failure to register as a sex offender in violation of Penal Code section 290, subdivision (b).[2] Defendant also pleaded guilty to all of the charges in the amended information in case number BA407165—count 1, felony grand theft in violation of section 487, subdivision (a); counts 2, 3, and 4, second degree burglary in violation of section 459; counts 5 through 15, felony identity theft in violation of section 530.5, subdivision (a). Defendant

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

4

admitted the four prior strike allegations alleged in each case, but the trial court granted defendant's *Romero*[3] motion and struck three of the four prior strike convictions.

The trial court sentenced defendant in both cases to an aggregate sentence of 22 years comprised of the following: in case number BA408099, an upper term three-year sentence, doubled to six years pursuant to the prior strike conviction; in case number BA407165, consecutive one-third the middle term sentences of eight months, doubled to 16 months pursuant to the prior strike conviction, on counts 1 and 5 through 15, for a total sentence in that case of 16 years. The trial court stayed the sentence on counts 2, 3, and 4, the second degree burglary counts.

## DISCUSSION

Pursuant to *People v. Wende, supra*, 25 Cal.3d 436, we examined the entire record to determine if there were any arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal. We are therefore satisfied that defendant's appointed counsel has fully satisfied his responsibilities under *Wende, supra*, 25 Cal.3d 436.

---

[3]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

5

## DISPOSITION

The judgments of conviction are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

GOODMAN, J.[*]

---

[*] Judge of Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.